UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN NABORS, | Case Number 5:10-CV-03897 EJD (PSG) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| GOOGLE, INC., | **(Re: Docket No. 26)** |
| Defendant. | |

Presently before the court is Defendant Google, Inc.'s ("Google") motion to dismiss Plaintiff Nathan Nabors ("Nabors") First Amended Complaint ("FAC"). The court finds it appropriate to take the motion under submission without oral argument. See Civil L.R. 7-1(b). Based on the papers submitted, the court GRANTS Google's motion to dismiss with leave to amend.

**I. BACKGROUND**

On August 31, 2010, Nabors filed his complaint in this court on behalf of himself and a class of similarly-situated persons within the states of Florida and California. On October 8, 2010, the court related this case with McKinney v. Google, et al., 5:10-cv-1177, which complains of similar conduct but against an additional defendant and on behalf of a nationwide class. On January 10, 2011, Nabors filed the FAC, in which he alleges the following facts:

Nabors, a Florida resident, bought a Nexus One mobile device (the "Google Phone") over the Internet. (FAC ¶ 7.) The Google Phone is an advanced mobile cellular phone which operates

1

using the Android Mobile Technology Platform and an Internet device which provides email and Internet access on the 3G network. (Id. ¶ 35.) Google is a Delaware corporation that marketed and sold the Google Phone throughout the United States. (Id. ¶ 8.) Non-Defendant Third Party HTC Corp. ("HTC") is a Taiwanese corporation that designed and manufactured the Google Phone. (Id. ¶ 10.) Non-Defendant Third Party T-Mobile USA, Inc. ("T-Mobile") is an American subsidiary of Germany-based Deutsche Telekom's T-Mobile International business and was a provider of the telephone and data service plans for the Google Phone throughout the U.S., including California. (Id. ¶ 11.) Initially, in the Unites States, T-Mobile was the exclusive wireless carrier that allowed the Google Phone to be used on a 3G wireless network. (Id. ¶ 31.)

The Google Phone could be purchased online from Google for $529 as an "unlocked" phone usable with any wireless service, or at a discounted price of $179 when purchased with a new two-year contract with T-Mobile's wireless service. (Id. ¶¶ 37-38.) The Google Phone was designed to operate both on the 2G network, which has a maximum data transfer rate of 237 kilobytes per second, and on the 3G network, with a faster transfer rate of up to 7.2 megabytes per second. (Id. ¶¶ 36, 43.) This 3G transfer is important to many smart phone users who employ their devices to run data-heavy applications. (Id. ¶ 36.) If, however, 3G connectivity was unavailable, the phone and data operations could still be used, but at a substantially lower data transfer rate than the 3G level that was advertised. (Id. ¶ 44).

Google consistently advertised the Google Phone in tandem with the T-Mobile network as providing 3G data transfer rates. (Id. ¶ 42.) Nabors refers generally to unidentified representations about the Google Phone made by Google. He specifically identifies the Google Phone advertisement on the Google homepage, which, as reproduced in the FAC, does not make any assertions about the Google Phone's 3G connectivity. (Id. ¶ 33.) He also specifically identifies a T-Mobile advertisement, which, as reproduced in the FAC, does not make any assertions about the Google Phone. (Id. ¶ 55.)

Nabors alleges that, contrary to Google's assertions, he and other members of the putative class experienced connectivity on the 3G wireless network only a fraction of the time they were connected to T-Mobile's 3G wireless network, or received no 3G connectivity at all for a

2
Case No.: 5:10-CV-03897 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

significant portion of time. (Id. ¶ 45.) This lack of connectivity also caused a significant number of dropped calls. (Id.) Moreover, Nabors alleges that Google has failed to provide adequate customer service to assist Google Phone customers in helping to resolve these issues because he could only contact Google's customer service by email and had to wait several days for a response. (Id. ¶ 49.)

On the basis of the allegations outlined above, Nabors alleges ten causes of action: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (2) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.; (3) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; (4) breach of express warranty and implied warranty of merchantability; (5) violation of the Magnuson-Moss Warranty Act; (6) negligence; (7) unjust enrichment; (8) negligent misrepresentation; (9) fraud; and (10) declaratory relief.

## II. LEGAL STANDARDS

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Center, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See* Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations omitted). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

### A. Breach of Warranty

#### 1. Implied Warranty of Merchantability

Google contends that Nabors's implied warranty claims should be dismissed on the grounds that: (1) Nabors fails to plead facts showing that the Google Phone is not merchantable, and (2) Google disclaimed any implied warranty. Google also claims that Nabors's warranty claims are preempted by the Federal Communications Act ("FCA"), 47 U.S.C. § 332(c)(3)(A). Because the last issue was the basis upon which the court previously dismissed the state law warranty claims in the related case, McKinney, the court addresses it first.

The state law warranty claims in McKinney's First Amended Complaint were dismissed because the court found that the claims were preempted by the FCA, which provides that "no State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service." 47 U.S.C. § 332(c)(3)(A). As explained in the court's November 16, 2010 Order granting the motion to dismiss McKinney's First Amended Complaint, "a complaint that service quality is poor is really an attack on the rates charged for the service . . . ." Bastien v. AT&T Wireless Services, Inc., 205 F.3d 983, 988 (7th Cir. 2000). In In re Apple iPhone 3G Prods. Liab. Litig., a court in this district interpreted the Seventh Circuit's opinion in Bastien and held that warranty claims based on the defendant's allegedly faulty 3G network were preempted by the FCA.[1]

In the November 16, 2010 Order, the court determined that McKinney's warranty claims—that Google and HTC knew T-Mobile's 3G network was not sufficiently developed, deceived Nabors into paying higher prices for a service that Google and HTC could not deliver, and acted in concert with T-Mobile—were attacks on T-Mobile's rates and market entry. The court granted McKinney leave to amend because it determined she may be able to state clams against Google and HTC for actual defects of the Google Phone or its applications.

---

[1] No. C 09-02045-JW, 2010 U.S. Dist. LEXIS 79054, at *19-20 (N.D. Cal. Apr. 2, 2010).

4

Case No.: 5:10-CV-03897 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1       In Nabors' FAC, he claims that the ordinary purpose of the phone is to provide consistent
2   connectivity to a supposedly faster 3G network, the phone fails to do so, and "[w]hether the
3   problem is with the Google Phone itself or with [the] wireless carrier's network, or a combination
4   of the two, is irrelevant." (FAC ¶ 93.) Nabors also alleges that "the combination of the phone
5   and/or the network made it difficult . . . to receive reliable and sustained connectivity on the 3G
6   wireless network" (id. ¶ 54), that "T-Mobile's network did not provide consistent 3G performance
7   for Google Phone purchasers" (id. ¶ 47), and that "T-Mobile 3G network was not designed to
8   provide consistent connectivity to its 3G network for Google Phone users" (id. ¶ 48).
9       Thus, as was the case with McKinney's FAC, Nabors alleges that T-Mobile's 3G wireless
10  network is defective. He has, at most, raised only a mere possibility that an actual defect of the
11  Google Phone caused the inconsistent 3G connection. Because Nabors's implied warranty claim is
12  based on T-Mobile's allegedly faulty 3G network, it therefore is preempted consistent with this
13  court's prior order. Accordingly, the breach of implied warranty claim is DISMISSED. As Nabors
14  may be able to state an implied warranty claim based on actual defects of the phone, he is granted
15  leave to amend.

**1. Express Warranty**

17      Google similarly argues that the express warranty claim is preempted. Although courts
18  may not apply state law to regulate whether the price or quality of wireless service is adequate,
19  courts can apply state law to determine whether "there was a difference between promise and
20  performance," In re Wireless Consumers Alliance, Inc., 15 F.C.C.R. 17021, 17035 (2000), and
21  whether a company misrepresented the price or quality of wireless service it would provide,
22  Shroyer v. New Cingular Wireless Services, Inc., 622 F.3d 1035, 1040 (9th Cir. 2010). One such
23  type of promise or representation against which the court may measure Google' performance may
24  be an express warranty.
25      Google, however, also contends that Nabors fails to allege any factual statement promising
26  connectivity or establishing reasonable reliance thereon. To state a claim for breach of express
27  warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2)
28  reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's

5
Case No.: 5:10-CV-03897 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

injury. Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (Ct. App. 1986). A plaintiff also must plead that he or she provided the defendant with pre-suit notice of the breach. Cal. Com. Code § 2607.

Nabors alleges that Google breached an express warranty because the Google Phone fails to provide a consistent 3G connection. He argues that Google's assertions that the Google Phone has 3G network capability constitutes a warranty. He generally alleges reliance and that the Google Phone's inability to provide the represented performance and speed caused him injury.

These allegations are insufficient. General assertions about representations or impressions given by Google about the phone's 3G capabilities are not equivalent to a recitation of the exact terms of the underlying warranty, much less a warranty that distinguishes Nabors's claim from a preempted attack on the quality of the T-Mobile 3G network. At the least, Nabors must identify the particular commercial or advertisement upon which he relied and must describe with the requisite specificity the content of that particular commercial or advertisement. See Baltazar v. Apple, Inc., CV-10-3231-JF, 2011 WL 588209, at *2 (N.D. Cal. Feb. 10, 2011). Moreover, Nabors must allege with greater specificity his reasonable reliance on the particular commercial or advertisement. Accordingly, the breach of express warranty claim is DISMISSED.

### 4. Magnuson-Moss Warranty Act

Nabors's Magnuson-Moss Warranty Act ("MMWA") claim is not viable in the absence of any state law warranty claims because the MMWA merely provides a federal cause of action for state law implied warranty claims. See 15 U.S.C. § 2301(7). Accordingly, the MMWA claim is DISMISSED.

### B. Fraud Based Claims

#### 1. 9(b) Pleading Standard

Under Fed. R. Civ. P. 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A complaint meets this standard if it alleges "'the time, place, and content of the alleged fraudulent misrepresentation or omission; the identity of the person engaged in the fraud; and the circumstances indicating falseness' or 'the manner in which [the] representations [or omissions] were false and misleading.'" Genna v. Digital

Link Corp., 25 F.Supp.2d 1038 (N.D. Cal. 1997) (brackets in original) (quoting In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-58 n.7 (9th Cir. 1994)).

"Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard. Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b). To the extent a party does not aver fraud, the party's allegations need only satisfy the requirements of Rule 8(a)(2). Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (omitting internal citations and quotations).

**2. Fraud and Negligent Misrepresentation**

To state a claim for fraud under California law, a plaintiff must allege: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Ct., 12 Cal. 4th 631, 638 (1996). "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance." Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (Ct. App. 2004).

A claim based on a nondisclosure or omission is a claim for misrepresentation in a cause of action for fraud, and it must be pleaded with particularity under Rule 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009). As explained by one court in this district, "to plead the circumstances of omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009)

Here, Nabors fails to specifically identify any representation by Google that mentions 3G connectivity, much less one that the Nexus One would maintain consistent 3G connectivity. Nabors also fails to plead facts sufficient to show a misrepresentation by omission was made. Thus, Nabors has not sufficiently pleaded that Google made a misrepresentation.

7

Case No.: 5:10-CV-03897 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Additionally, with respect to both claims, Nabors must allege that he actually relied upon the misrepresentations. Id. "Thus, the mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." Id.  Here, McKinnney merely asserts that he based his decision to buy the Google Phone on Google's misrepresentations but has not particularly identified any representation upon which he relied or alleged facts showing his actual and reasonable reliance on any such representations.

Thus, Nabors has not pleaded sufficient facts about Google's misrepresentation or his justifiable reliance to meet the Rule 9(b) standard.  Nabors's claims for fraud and for negligent misrepresentation, therefore, are DISMISSED.

**3. California Consumers Legal Remedies Act**

Nabors next claims that Google violated several subsections of Cal. Civ. Code § 1770(a) by making false representations or advertisements.  This claim appears to also be based on the Google Phone's inability to maintain a consistent 3G connection despite Google' alleged representations to the contrary as well as Google' inadequate customer service.  Because Nabors's California Consumers Legal Remedies Act ("CLRA") claims are based on alleged misrepresentations, they must be pled with Rule 9(b) particularity.

As discussed above, Nabors has not pled with specificity the content of the alleged misrepresentations made by Google in their commercials and advertisements, either with respect to 3G connectivity or customer service, nor has he alleged facts sufficient to show that he relied justifiably on those misrepresentations. See Glen Holly Entm't, Inc. v. Tektronix, Inc., 352 F.3d 367, 379 (9th Cir. 2003).

Furthermore, "[a]lthough a claim may be stated under CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." Daugherty v. American Honda Motor Co. Inc., 144 Cal. App. 4th 824, 835 (Ct. App. 2006).  Here, Nabors does not identify any affirmative representation concerning the subject of any alleged omissions,

nor does he identify any legal obligation on the part of Google to disclose the material information it allegedly failed to disclose. Accordingly, the CLRA claim is DISMISSED.

**4. California False Advertising Law**

California False Advertising Law ("FAL") makes it unlawful to make or disseminate any statement concerning property or services that is "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500.  Nabors asserts that Google's representations concerning the Google Phone are likely to mislead the public because "[m]arketing the phone by claiming it connects to a 3G network lead[s] reasonable consumers, including Nabors, to believe they regularly can obtain 3G network connectivity and significantly higher data transfer rates." (FAC ¶ 75). Because Nabors's FAL claim is based on alleged misrepresentations, it must be pled with Rule 9(b) particularity.

Although "[m]isdescriptions of specific or absolute characteristics of a product are actionable," Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997), "[g]eneralized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable." Anunziato v. eMachines, Inc., 402 F.Supp.2d 1133, 1139 (C.D. Cal. 2005) (quoting Glen Holly Entertainment, Inc. v. Tektronix, Inc., 343 F.3d 1000, 1005 (9th Cir. 2003)). Nabors does not allege that the phone does not function at least some of the time by connecting to a 3G network. Further, he does not allege that Google claimed that the phone would connect to 3G for any specific period of time. Nabors fails to identify a single advertisement or commercial in which Google made any statements about the phone and 3G wireless network connections. Accordingly, the FAL claim is DISMISSED.

**5. Unfair Competition Law**

California Business and Professions Code § 17200 *et seq.* (the "UCL") prohibits acts of unfair competition, including "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. This statute "was intentionally framed in its broad, sweeping language." Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 181 (1999). "[A] plaintiff must have suffered an 'injury in fact' or 'lost money or property as a result of the unfair competition' to have standing to

9

Case No.: 5:10-CV-03897 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1   pursue either an individual or a representative claim under California Unfair Competition Law."

2   Hall v. Time Inc., 158 Cal. App. 4th 847, 849 (Ct. App. 2008).

3   To state a claim under the "fraudulent" prong of the UCL, a plaintiff must allege that the challenged practice is likely to deceive members of the public. Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1274 (Ct. App. 2006). To support liability under the "unfair" prong, the conduct must either "offend[] an established public policy or [be] immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers," or be "tethered to specific constitutional, statutory or regulatory provisions." Id. at 1268. A violation of the "unlawful" prong of the UCL may be established by a variety of unlawful acts, including those practices prohibited by law, whether "civil or criminal, federal, state, [] municipal, statutory, regulatory, or court-made." Saunders v. Superior Court, 27 Cal. App. 4th 832, 838–39 (Ct. App. 1994).

Nabors claims that Google violated the UCL by misrepresenting the actual speed and performance of the Google Phone and T-Mobile's 3G wireless network as well as Google's customer service to assist Google Phone customers in resolving connectivity issues. As discussed above, Nabors has failed to allege any facts showing that Google actually stated that the Google Phone would provide 3G connectivity, much less any consistent level of 3G connectivity. Nabors has also failed to allege any representation regarding the level of customer service that Google would provide. Thus, Nabors has not sufficiently alleged any specific practice or statement made by Google which might deceive members of the public, and thus has failed to state a claim under the "fraudulent" prong of the UCL.

Similarly, Nabors has failed to allege a misrepresentation that could state a claim under the "unfair" prong of the UCL, and as discussed above, any general attack on the quality or rates charged for the 3G wireless network would be preempted.[2] Nabors argues that his claim that customer service was inadequate is sufficient to state a claim under the "unfair" prong, but he has

---

[2] Defendants argue that all Nabors's state law claims as currently pleaded are preempted under the FCA because they fail to allege that Google made any misrepresentation and thus constitute general attacks on the quality of T-Mobile's wireless network. The court does not address this argument because dismissal of these claims is warranted on other bases and because the court determines these claims may be pleaded in any subsequent complaint either to allege defects of the Google Phone itself or to allege an actual misrepresentation.

10

Case No.: 5:10-CV-03897 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

not alleged any facts showing that any lack of support actually caused him any legally cognizable injury or damage.

Finally, because Nabors so far has failed to state a viable claim for fraud, negligent misrepresentation, breach of warranty, or any other actionable wrongdoing, he has failed to state a claim under the "unlawful" prong of the UCL.

**C. Negligence**

To state a cognizable claim for negligence under California law, Nabors "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock, Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). Nabors alleges that Google undertook a duty to properly manufacture, design, test, produce, assemble, inspect, distribute, market, package, prepare for use and sell the Google Phone to function as advertised and represented on T-Mobile's 3G network; they breached this duty; this breach caused Nabors to fail to receive reliable and sustained connectivity to T-Mobile's 3G network; as a result, Nabors has suffered "injuries, damages, harm and economic loss" including loss from the purchase of the phone. (SAC ¶¶ 108-112).

Google argues that this claim fails under California's economic loss rule. To sustain a claim for negligence, the plaintiff must seek damages for a physical injury. Wells Fargo Bank, N.A. v. Renz, C 08-02561 SBA, 2011 WL 2360060 (N.D. Cal. June 9, 2011) (citing Aas v. Super. Ct., 24 Cal. 4th 627, 635–36, 101 Cal. Rptr. 2d 718, 12 P.3d 1125 (2000)). "[E]conomic loss alone, without physical injury, does not amount to the type of damage that will cause a negligence or strict liability cause of action to accrue." County of Santa Clara v. Atl. Richfield Co., 40 Cal. Rptr. 3d 313, 335 (Ct. App. 2006).

Nabors argues that the economic loss doctrine does not apply when damage is caused to other property and alleges that Google' defective software caused damage to the telephone. Nowhere in Nabors's negligence claim does he mention the phone's software. Throughout the SAC, Nabors discusses the Google Phone as a single device. The allegations in the SAC make no distinction between the phone, as separate damaged property, and its software, as the defective product. Nabors's argument is simply not supported by the SAC.

11
Case No.: 5:10-CV-03897 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1    As pleaded, the negligence claim does not allege any injury beyond economic loss.

2    Accordingly, the negligence claim is DISMISSED.

**D. Unjust Enrichment**

Nabors alleges that Google were unjustly enriched because they received money from sales of the Google Phone. Nabors cannot state a claim for unjust enrichment because no such cause of action exists in California. Unjust enrichment is not a separate cause of action but is tied to other causes of action that give rise to a right to restitution. McKell v. Wash. Mut. Inc., 142 Cal. App. 4th 1457, 1490 (Ct. App. 2006). The viability of this claim therefore necessarily depends on that of Nabors's other claims. As all other claims have been dismissed, the unjust enrichment claim also is DISMISSED.

**E. Declaratory Relief**

Declaratory relief is an equitable remedy provided by Cal. Civ. Proc. Code § 1060, which is available to an interested person in a case "of actual controversy relating to the legal rights and duties of the respective parties." In re Claudia E., 77 Cal. Rptr. 3d 722, 727 (Ct. App. 2008). Nabors seeks a judicial declaration of the rights and obligations of the parties regarding Google's wrongful behavior and requests an order declaring Google is obligated to pay restitution for all funds wrongly acquired as a result of Google's illegal conduct. Google moves to dismiss this claim as duplicative of Nabors' other claims. As the other claims have been dismissed, the declaratory relief claim is no longer duplicative, but it fails to state an actual controversy.

Declaratory relief is not available unless there is a real dispute between parties, involving justiciable questions relating to their rights and obligations. Id. A claim for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties. See McClain v. Octagon Plaza, LLC, 71 Cal. Rptr. 3d 885, 898 (Ct. App. 2008). Declaratory relief operates prospectively and not merely for the redress of past wrongs. Babb v. Superior Court of Sonoma County, 3 Cal. 3d 841, 848 (1971); Jensen v. Quality Loan Service Corp., 102 F. Supp. 2d 1183, 1188 (E.D. Cal. 2010). The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff in the interest of preventive justice, not to remedy harms that have already occurred. See Babb, 3 Cal. 3d at 898.

Nabors has not stated any actual controversy relating to the prospective legal rights and duties between herself or any class members and Google. Accordingly, the claim for declaratory relief is DISMISSED.

## IV. CONCLUSION

Good cause therefore appearing, the motion to dismiss is GRANTED WITH LEAVE TO AMEND. Any amended complaint shall be filed no later than September 30, 2011.

Dated: Cwiwuv'52.'4233

EDWARD J. DAVILA
United States District Judge